UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03177-JLS-RAO                    Date: December 04, 2025
Title:  Hung Huu Anh Hoang v. Kristi Noem et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|          Kelly Davis          |          N/A          |
|-------------------------------|-----------------------|
| Deputy Clerk                  | Court Reporter        |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 3)**

Before the Court is an *Ex Parte* Application for Temporary Restraining Order filed by Petitioner Hung Huu Anh Hoang.  (App., Doc. 3.)  Respondents Kristi Noem, Pamela Bondi, Thomas Giles, James Pilkington, and Warden, Geo Group Inc., opposed.  (Opp., Doc. 8.)  Having reviewed the papers, the Court DENIES Petitioner's Application.

## I.    BACKGROUND

Petitioner Hung Hoang is a citizen of Vietnam who is currently detained by Immigration and Customs Enforcement ("ICE") in Adelanto, California.[1]  (Petition at 5, 7, Doc. 2.)  Hoang was born in Vietnam and entered the United States in 1991.  (*Id.* at 5.)  Hoang was convicted of first-degree burglary in 1997 and sentenced to nine years in prison.  (Romero Decl. ¶ 7, Doc. 8-1.)  In April 2004, he was issued a final order of removal to Vietnam.  (*Id.* ¶¶ 8–9.)  In July 2004, Hoang was released pursuant to an Order of Supervision ("OSUP"), as his removal to Vietnam could not be effectuated.  (*Id.* ¶ 10; Ex. B to Romero Decl., Doc. 8-1.)  Hoang's OSUP requires that he, among other

---

[1] To provide adequate background, the Court incorporates assertions in the Petition into this section, even though, as discussed below, the assertions are improperly verified.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03177-JLS-RAO                    Date: December 04, 2025
Title:  Hung Huu Anh Hoang v. Kristi Noem et al

conditions, report for check-in appointments at the request of ICE.  (Ex. B to Romero Decl.)

On October 28, 2025, when Hoang appeared at a check-in appointment, ICE detained him.  (Petition at 6.)  The same day, ICE issued Hoang a Notice of Revocation of Release, stating that "[i]t is expected that [he] will be removed to Vietnam in the foreseeable future" and that he "failed to comply with OSUP reporting requirements and failed to provide [his] travel documents."  (Ex. C to Romero Decl., Doc. 8-1.)

On November 25, 2025, Hoang filed a Petition for a writ of habeas corpus, and the instant Application for Preliminary Injunction and Temporary Restraining Order. (Petition; App.)  Hoang seeks an order (1) requiring his immediate release from custody, (2) enjoining Respondents from removing Hoang from the United States or transferring him out of the Central District of California, and (3) requiring that Hoang's prior order of supervision be reinstated.  (App.)

## II.    LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  "The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held."  *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03177-JLS-RAO                          Date: December 04, 2025
Title:  Hung Huu Anh Hoang v. Kristi Noem et al

To obtain a temporary restraining order ("TRO"), a plaintiff "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that [a TRO] is in the public interest." *Winter*, 555 U.S. at 22.  This "requires the plaintiff to make a showing on all four prongs." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  Alternatively, under the Ninth Circuit's sliding scale test, a plaintiff may obtain a TRO by showing "that there are 'serious questions going to the merits'" and that "the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies*, 632 F.3d at 1135) (emphasis omitted).  The final two *Winter* factors "merge" when a TRO is sought against the government. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### III.    ANALYSIS

As noted above, Hoang seeks a TRO (1) requiring his immediate release from custody, (2) enjoining Respondents from removing Hoang from the United States or transferring him out of the Central District of California, and (3) requiring that Hoang's prior order of supervision be reinstated.[2]  (App. at 3.)  Hoang argues in his Petition that

---

[2] Additionally, Hoang's Petition seeks an order enjoining Respondents from removing him to a third country without appropriate process.  (Petition at 18.)  Hoang does not pursue such relief in his TRO Application.  (*See* App. at 3.)  Regardless, the Court would decline to grant such relief because Hoang provides no evidence that he may be removed to a third country. *See Winter*, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy[.]").  In fact, Hoang concedes that he has not "been provided notice of any intent to plan to remove him to a third country."  (App. at 14.)  Moreover, Respondents submit evidence that they intend to remove Hoang to Vietnam and represent to this Court in their Opposition that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03177-JLS-RAO                                  Date: December 04, 2025
Title:  Hung Huu Anh Hoang v. Kristi Noem et al

such relief is warranted because his "detention is unlawful because it is not likely to bring about his removal to Vietnam in the reasonably foreseeable future," and "his re-arrest and detention without the identification of any change[d] circumstances . . . proper notice, or a prompt opportunity to contest his revocation of release violated his due process rights" and federal regulations.  (Petition at 10–11.)

Hoang has not met his burden to establish that he is likely to succeed on the merits, or show serious questions going to the merits, of his claims.  *Winter*, 555 U.S. at 22; *Shell Offshore*, 709 F.3d at 1291.  Although a Court may grant a TRO based on "evidence that is less complete than in a trial on the merits," *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981), here, Hoang relies solely on argument and factual assertions that lack evidentiary support.  Hoang's TRO Application consists of a few paragraphs relating to the legal standard for issuance of preliminary relief, and the application is unaccompanied by any supporting declaration regarding the facts.  To the extent Hoang relies on the factual allegations of his Petition, those allegations are not verified by Hoang.  Rather, Hoang's attorney, who does not claim to have personal knowledge of the facts in the Petition, has provided the verification.  (Petition at 20.)  Hoang does provide three exhibits with his Petition to show that the Vietnam Embassy has declined to issue him travel documents, but those exhibits have not been authenticated.

In short, Hoang has provided no admissible evidence to support his claims.  The Court recognizes that at this stage, it "may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial."  *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).  But even if the Court were to consider the exhibits provided by Hoang, they show only three instances in which the Vietnam Embassy has declined to issue him travel documents, and are therefore insufficient to support his claims for unlawful detention and unlawful revocation of

---

DHS has not made any request for removal to a third country. (*See* Romero Decl. ¶¶ 14, 18, 23; *see also* Opp. at 7 n.2, 10, 11 n.4, 19 n.6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-03177-JLS-RAO                    Date: December 04, 2025
Title:  Hung Huu Anh Hoang v. Kristi Noem et al

release.  And the factual assertions in the Petition, without the verification of someone with personal knowledge, carry no weight.[3]  *Cf. K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088 (9th Cir. 1972) (reasoning that a district court may consider allegations in a *verified* complaint at the preliminary injunction stage).  Thus, because Hoang has provided the Court with insufficient evidence, Hoang has not met his burden to establish a likelihood of success, or serious questions going to the merits, on his claims for unlawful detention and unlawful revocation of his release.  Accordingly, his Application must be denied.  *See Garcia v. Google, Inc.*, 786 F.3d 733 (9th Cir. 2015) ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements.") (citation modified).

IV.    **CONCLUSION**

For the above reasons, Petitioner's Application is DENIED.

Initials of Deputy Clerk: kd

---

[3] In contrast, with their Opposition, Respondents filed a declaration and Hoang's Notice of Revocation of Release, along with other evidence.  (Romero Decl.; Ex. C to Romero Decl.)  While Respondents' evidence may be contradicted in a later stage of this litigation, it nonetheless supports their contention that Hoang is likely to be removed in the reasonably foreseeable future, and that Hoang's release was revoked following the proper procedures.